NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

JUN 12 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JERALD S. GALVAN,<br><br>        Plaintiff - Appellant,<br><br>  v.<br><br>CITY OF TACOMA; TACOMA POLICE DEPARTMENT; ANDERSON, Officer, Badge No. 260; KOMAROVSKY, Officer, Badge No. 241,<br><br>        Defendants - Appellees. | No. 24-3325<br><br>D.C. No.<br>3:23-cv-05237-BJR<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Barbara Jacobs Rothstein, District Judge, Presiding

Submitted June 6, 2025[**]
Seattle, Washington

Before: HAWKINS, GOULD, and BUMATAY, Circuit Judges.

Jerald Galvan ("Appellant") appeals the adverse grant of summary judgment

to the City of Tacoma, Officer David Anderson, and Officer Ron Komarovsky

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

(together "Appellees"), arguing these officers violated his Fourth, Fifth, and Fourteenth Amendment rights under 42 U.S.C. § 1983, and were negligent under Washington state law when arresting him. We have jurisdiction under 28 U.S.C. 1291. Reviewing the summary judgment grant *de novo*, *Los Padres ForestWatch v. United States Forest Serv.*, 25 F.4th 649, 654 (9th Cir. 2022), we affirm.

Appellant failed to demonstrate the existence of a genuine issue of material fact, s*ee Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986), making no mention of a "policy, practice, or custom" of the City of Tacoma. *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). Nor did Appellant point to an intentional omission, or ratification by a final decisionmaker, or any evidence which would tie the actions of Officers Anderson and Komarovsky to the municipality.

Summary judgment was also appropriate as to Officers Anderson and Komarovsky on the § 1983 claims as their actions were objectively reasonable. Appellant gave conflicting reports to the 911 dispatcher as to whether he was armed, was openly hostile to officers at the scene, and reached towards his holster after being told not to. No reasonable jury could conclude that the Officers were unjustified when they grabbed Appellant's arm, handcuffed him, and pulled him to the ground. *See Graham v. Connor*, 490 U.S. 386, 396–97 (1989).

Nor could a reasonable jury find the officers' use of force to be excessive given their use of the least intrusive means to ensure Appellant did not draw a weapon from his hip. *See Scott v. Harris*, 550 U.S. 372, 380 (2007).

The district court's grant of summary judgment on Appellant's Fourteenth Amendment claims was proper for the same reasons. *See Kingsley v. Hendrickson*, 576 U.S. 389, 396–97 (2015).

On appeal, Appellant made no Fifth Amendment argument and thus any such claim is waived. *See Indep. Towers of Washington v. Washington,* 350 F.3d 925, 929 (9th Cir. 2003). Because the officers acted objectively reasonably, they could not have breached their duty of reasonable care to Appellant under state law. *See Beltran-Serrano v. City of Tacoma*, 442 P.3d 608, 612 (2019).

We deny Appellant's Motion to Supplement the Court Record [Dkt. Entry No. 12] as moot.

**AFFIRMED**.

24-3325